UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RODNEY DAVIS,

      Petitioner,

v.            9:18-CV-0871
              (MAD/CFH)
MICHAEL CAPRA,

      Respondent.

---

APPEARANCES:          OF COUNSEL:

RODNEY DAVIS
Petitioner, pro se
13-A-5561
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

On July 26, 2018, petitioner Rodney Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). He has paid the statutory filing fee. Dkt. Entry dated 7/26/2018. For the reasons that follow, the petition is dismissed without prejudice to refiling once petitioner has exhausted his claims in state court.

### II. THE PETITION

Petitioner challenges a 2013 judgment of conviction in Schenectady County, upon a jury verdict, of second degree murder, attempted murder, assault, criminal possession of a

weapon, and attempted assault. Pet. at 1-2.[1]  On November 3, 2016, the New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction, and, on January 23, 2017, the New York Court of Appeals denied leave to appeal. *Id.* at 2-3; *see also, People v. Davis*, 144 A.D.3d 1188, 1190 (3d Dep't 2016), *lv. denied,* 28 N.Y.3d 1144 (2017).  Petitioner asserts that, on or about March 20 or 26, 2018, he filed a writ of error coram nobis for ineffective assistance of appellate counsel, and that, on May 3, 2018, the Third Department denied his motion without an evidentiary hearing.  Pet. at 3-4, 14. Petitioner then states that on or about May 20, 2018, he sought leave to appeal the denial to the Court of Appeals.  *Id.* at 14.  That appeal is apparently still pending.

Petitioner contends that he is entitled to federal habeas relief because (1) he received ineffective assistance of counsel during both his trial and appeal and (2) there was prosecutorial misconduct which deprived petitioner of a fair trial.  Pet. at 5-9.  For a more complete statement of petitioner's claims, reference is made to the petition.

### III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii).  The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]"  *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not exhausted his state court remedies because petitioner asserts that he timely sought leave to appeal from the denial of his writ of error coram nobis and his appeal is currently pending before the Court of Appeals. Pet. at 3-4, 14. Accordingly, the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.")

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. §

3

2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his appeal of the denial of his collateral motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied. The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). However, *"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Here, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. Additionally, it does not appear that a subsequent habeas petition, if necessary and if filed promptly after petitioner's

claims are exhausted in state court, will be jeopardized by the statute of limitations. The AEDPA's one-year limitations period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.[2]

The Third Department affirmed petitioner's conviction on direct appeal, and the New York Court of Appeals denied petitioner's application for leave to appeal on January 23, 2017. *Davis*, 28 N.Y.3d at 1144. He did not seek a writ of certiorari, and his conviction thus became final 90 days later, on April 23, 2017. *Thaler*, 565 U.S. at 149-150. Petitioner therefore had until April 23, 2018 to timely file a federal habeas petition. On March 20 or 26, 2018, after between 331 and 337 days of the limitations period had elapsed, petitioner filed his writ of error coram nobis. Pet. at 3-4, 14. That motion served to toll the limitations period, and, by

---

[2] The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace,* 544 U.S. at 418). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

5

his own account, his timely appeal from the denial of the motion remains pending. *Id.* at 14. Accordingly, petitioner has approximately thirty days left before the statute of limitations expires after the Court of Appeals issues its decision. Therefore, petitioner should promptly refile his petition when he has completed exhausting his claims in state court, as he appears to have adequate time in which to do so.

Based on the foregoing, the petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[3]

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right"

---

[3] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

pursuant to 28 U.S.C. § 2253(c)(2).[4]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 2, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).